UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-cv-23584-DPG

TRACELEY BOOTLE,

    Plaintiff,

v.

AMERICAN BANKERS LIFE ASSURANCE
COMPANY OF FLORIDA,

    Defendant.
_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant American Bankers Life Assurance Company of Florida ("ABLAC" or "Defendant"), through undersigned counsel, answers Plaintiff's First Amended Complaint ("Am. Complaint") (ECF No. 26) by denying each and every allegation contained in the First Amended Complaint that is not expressly admitted below, and by responding to the individually numbered paragraphs of the First Amended Complaint as follows:

**GENERAL ALLEGATIONS**[1]

1. ABLAC admits only that Plaintiff purports to bring this action for damages. ABLAC admits that jurisdiction in the United States District Court for the Southern District of Florida is the appropriate jurisdiction for the claims asserted in the Am. Complaint.

---

[1] The section headings in the First Amended Complaint are used in this Answer for organization and convenience only and are not to be construed as an admission by ABLAC as to any factual inference contained in the First Amended Complaint. Any allegations or inferences contained in the First Amended Complaint's headings are expressly denied.

2. ABLAC admits the allegations of paragraph 2 based solely on the date of birth stated in Plaintiff's charge of age discrimination filed with the Equal Employment Opportunity Commission. ABLAC lacks information sufficient to admit or deny the Plaintiff's date of birth without further investigation.

3. ABLAC lacks information sufficient to admit or deny the Plaintiff's place of residence without further investigation. ABLAC admits that Plaintiff was employed by ABLAC in Miami, Dade-County, Florida.

4. Admitted.

5. Admitted.

6. Admitted.

7. ABLAC admits only that venue is proper within Miami-Dade County, Florida. ABLAC denies the remaining allegations in paragraph 7.

8. ABLAC admits only that jurisdiction for alleged violations of the Fair Labor Standards Act ("FLSA") is conferred on the United States District Court for the Southern District of Florida. ABLAC denies that it violated the FLSA and further denies that Plaintiff has any viable claims against ABLAC.

9. ABLAC admits that Plaintiff filed a timely claim for alleged age discrimination with the Equal Employment Opportunity Commission.

10. ABLAC admits only that the conditions precedent for filing a claim of age discrimination have been met. ABLAC denies the remaining allegations in paragraph 10.

11. Admitted.

12. ABLAC lacks information sufficient to admit or deny whether Plaintiff suffered a lapse in insurance coverage without further investigation. The remaining allegations of paragraph 12 are denied.

13. Denied. The Plan Administrator of the group health plan benefits is Assurant, Inc.

14. ABLAC lacks information sufficient to admit or deny whether Plaintiff suffered a lapse in insurance coverage and paid for medical visits and medications without further investigation. The remaining allegations of paragraph 14 are denied.

## FACTUAL ALLEGATIONS

15. Denied.

16. Admitted.

17. Denied.

18. ABLAC admits only that Plaintiff was in a class of persons protected under the Florida Civil Rights Act as someone above the age of forty (40) during the relevant time period. The remaining allegations of paragraph 18 are denied.

19. ABLAC lacks information sufficient to admit or deny whether Plaintiff's manager and team lead were outside of Plaintiff's protected class during the relevant time period without further investigation. The remaining allegations of paragraph 19 are denied.

20. Denied.

21. ABLAC denies that Plaintiff was "exposed" to adverse treatment and, consequently, denies the allegation regarding similarly-situated employees.

22. ABLAC admits only that Plaintiff was given a written warning for poor performance. The remaining allegations of paragraph 22 are denied.

23. ABLAC admits only that Plaintiff was given a written warning for poor performance. The document speaks for itself. The remaining allegations of paragraph 23 are denied.

24. ABLAC admits only that Plaintiff was given a written warning for poor performance and that Plaintiff was terminated on February 6, 2020. The document speaks for itself. The remaining allegations of paragraph 24 are denied.

25. ABLAC lacks information sufficient to admit or deny whether Plaintiff inquired about COBRA Notice and Coverage on the date of her termination without further investigation.

26. ABLAC lacks information sufficient to admit or deny whether Plaintiff was informed that she would be receiving her COBRA Notice via U.S. mail without further investigation. The remaining allegations of paragraph 26 are denied.

27. Denied.

28. ABLAC lacks information sufficient to admit or deny the allegations of paragraph 28 without further investigation. ABLAC admits only that Plaintiff was classified as an exempt employee and was not entitled to overtime compensation.

29. ABLAC admits only that Plaintiff was classified as an exempt employee and was not entitled to overtime compensation.

30. Paragraph 30 states a legal conclusion to which no response is required.

31. Paragraph 31 states a legal conclusion and/or Plaintiff's opinion of fact to which no response is required.

32. Paragraph 32 states a legal conclusion to which no response is required.

33. Paragraph 33 states a legal conclusion to which no response is required.

34. Paragraph 34 states a legal conclusion to which no response is required.

35. Paragraph 35 states a legal conclusion to which no response is required.

36. Denied.

37. ABLAC denies that it failed to send Plaintiff a COBRA notice. ABLAC is without knowledge as to the remaining allegations in paragraph 37 and therefore denies same.

38. ABLAC denies that it failed to send Plaintiff a COBRA notice and that Plaintiff could not make an informed decision about health insurance. ABLAC is without knowledge as to the remaining allegations in paragraph 38 and therefore denies same.

39. ABLAC denies that it failed to send Plaintiff a COBRA notice and that Plaintiff could not make an informed decision about health insurance. ABLAC is without knowledge as to the remaining allegations in paragraph 39 and therefore denies same.

40. ABLAC admits only that Plaintiff was a plan participant and was eligible to receive COBRA benefits at the time of Plaintiff's termination until the end of her maximum COBRA continuation period.

41. Denied.

42. Denied.

## COUNT I
## AGE DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

43. ABLAC repeats and incorporates its responses to paragraphs 1-42 as if set forth herein.

44. Admitted.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Paragraph 49 states a legal conclusion to which no response is required. ABLAC denies that it has violated the FCRA and further denies that Plaintiff has any viable claims against ABLAC.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. ABLAC is without knowledge as to the allegations in Paragraph 57 and therefore denies same. ABLAC further denies any knowledge of who the "him" referenced in paragraph 57 refers to.

58. ABLAC is without knowledge as to the remaining allegations in Paragraph 58 and therefore denies same.

## COUNT II
## FAILURE TO PAY WAGES IN VIOLATION OF THE FLSA

59. ABLAC repeats and incorporates its responses to paragraphs 1-42 as if set forth herein.

60. ABLAC admits only that Plaintiff purports to bring an action for alleged violations of the FLSA. ABLAC denies that it has violated the FLSA and further denies that Plaintiff has any viable claims against ABLAC.

61. Admitted.

62. Admitted.

63. Admitted.

64. ABLAC admits only that Plaintiff seeks to recover alleged unpaid wages for a period dating 3 years from the filing of the Am. Complaint, but denies that Plaintiff's FLSA claim is timely or that application of a 3-year limitations period is appropriate.

65. Denied.

**COUNT III**
**FAILURE TO PROVIDE TIMELY NOTICE OF CONTINUING**
**COVERAGE IN VIOLATION OF SECTION 502 OF ERISA AND**
**29 U.S.C. §§ 1132, 1163(a)(1), (2) and (4), 1166(a) AND 29 C.F.R. §2590.606-4**

66. ABLAC repeats and incorporates its responses to paragraphs 1-42 as if set forth herein.

67. Paragraph 67 states a legal conclusion to which no response is required.

68. Denied.

69. Denied.

70. Paragraph 70 states a legal conclusion to which no response is required.

71. ABLAC admits that it is in the Court's discretion to award Plaintiff the statutory rate under the pertinent statutes, but denies that Plaintiff's COBRA claim will allow Plaintiff to recover such statutory damages.

72. Denied.

73. ABLAC admits only that Plaintiff was a plan participant and was eligible to receive COBRA benefits at the time of Plaintiff's termination until the end of her maximum COBRA continuation period. The remaining allegations of paragraph 73 are denied.

74. Denied.

75. ABLAC admits that ABLAC employees were provided a health insurance plan sponsored and administered by Assurant, Inc.

76. Denied. The Plan Administrator of the group health plan benefits is Assurant, Inc. The remaining allegations of Paragraph 76 state a legal conclusion to which no response is required.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. ABLAC denies that the COBRA notices that were sent to the Plaintiff were either confusing or misleading.

82. Denied.

83. ABLAC denies the introductory allegations of paragraph 83. ABLAC further denies the remaining allegations of paragraph 83 as incomprehensible.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. ABLAC is without knowledge as to the allegations in paragraph 89 and therefore denies same. ABLAC further objects to paragraph 89 to the extent it states a legal conclusion and/or Plaintiff's opinion of fact to which no response is required.

90. ABLAC is without knowledge as to the allegations in paragraph 90 and therefore denies same.

91.     ABLAC is without knowledge as to the allegations in paragraph 91 and therefore denies same.

92.     Denied.

93.     Denied.

94.     ABLAC denies that it has violated the COBRA and further denies that Plaintiff has any viable claims against ABLAC.

95.     Paragraph 95 states a legal conclusion to which no response is required.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.  Paragraph 99 is also denied to the extent it states a legal conclusion to which no response is required. ABLAC denies that it has violated the COBRA and further denies that Plaintiff has any viable claims against ABLAC.

100.    Denied.

### COUNT IV
### FAILURE TO PROVIDE THE ADDRESS TO WHICH PAYMENTS SHOULD BE SENT IN VIOLATION OF 29 C.F.R. § 2590.606-4(b)(4)(xii)

101.    ABLAC repeats and incorporates its responses to paragraphs 1-42 as if set forth herein.

102.    Denied.  Paragraph 102 is also denied to the extent it states a legal conclusion to which no response is required. ABLAC denies that it has violated the COBRA election notice requirements and further denies that Plaintiff has any viable claims against ABLAC.

103.    Denied.

104.    Denied.

105. Denied.

106. Denied.  Paragraph 106 is also denied to the extent it states a legal conclusion to which no response is required. ABLAC denies that it has violated the COBRA election notice requirements and further denies that Plaintiff has any viable claims against ABLAC.

107. Denied.

## COUNT V
## FAILURE TO INCLUDE EXPLANATORY
## INFORMATION IN VIOLATION OF 29 C.F.R. § 2590.606-4(b)(4)(vi)

108. ABLAC repeats and incorporates its responses to paragraphs 1-42 as if set forth herein.

109. Denied.

110. Denied.

## COUNT VI
## FAILURE TO PROVIDE COBRA NOTICE WRITTEN IN A MANNER
## CALCULATED "TO BE UNDERSTOOD BY THE AVERAGE
## PLAN PARTICIPANT" IN VIOLATION OF 29 C.F.R. §2590.606-4(b)(4)

111. ABLAC repeats and incorporates its responses to paragraphs 1-42 as if set forth herein.

112. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a cause of action against ABLAC for violation of the Florida Civil Rights Act of 1992.

2. All actions taken by ABLAC with regard to Plaintiff were based on legitimate and non-retaliatory business factors and not related to any impermissible intent or criteria.  ABLAC terminated Plaintiff due to repeated, well-documented performance issues.

3. Plaintiff fails to state a cause of action against ABLAC pursuant to the Fair Labor Standards Act (FLSA).

4. Plaintiff's FLSA claim is barred by the applicable statute of limitations. Plaintiff's claim is governed by a two-year limitations period, and suit was filed after the expiration of the limitations period.

5. Any alleged violation of the FLSA by Defendant was not willful, and therefore a three-year limitations period is inapplicable.

6. Plaintiff's FLSA claim is barred by the fact that Plaintiff did not work over 40 hours per week for Defendants.

7. Plaintiff's FLSA claim is barred because Plaintiff is a non-exempt employee who qualifies for the administrative exemption set forth in 29 C.F.R. § 541.200 et seq. and/or the executive exemption pursuant to 29 C.F.R. § 541.100 et seq. The Plaintiff's primary duty was the performance of office of non-manual work directly related to the management or general business operations of ABLAC, which included the exercise of discretion and independent judgment with respect to matters of significance. Plaintiff customarily and routinely directed the work of her direct reports.

8. If Defendant is found to have violated Plaintiff's rights, which Defendant denies, such violation was not done with malice or reckless indifference to the rights of Plaintiff, but in good faith, for good cause, and based on a reasonable belief that Defendant was and is in compliance with all applicable wage and compensation requirements, or in good faith conformity with written interpretations of the Department of Labor Wage Hour division. Any claims for liquidated damages are, therefore, without merit.

9. Plaintiff is barred and estopped from asserting claims for overtime pay as she never provided notice or made ABLAC aware that she ever worked overtime or was improperly classified as an exempt employee, and ABLAC was not aware nor did it have constructive knowledge that Plaintiff worked overtime.

10. Plaintiff's COBRA claims are barred because the Am. Complaint fails to state claims against ABLAC upon which relief may be granted.

11. Plaintiff's COBRA claims are barred, in whole or in part, by her lack of Article III standing.

12. Plaintiff's COBRA claims are barred, in whole or in part, by her lack of standing under the Employee Retirement Income Security Act of 1974 ("ERISA").

13. Plaintiff's COBRA claims are barred, in whole or in part, by the applicable statute of limitations.

14. Plaintiff's claims are barred by the doctrine of waiver because Plaintiff admits that ABLAC notified Plaintiff that information regarding her COBRA continuation coverage would be mailed to her, but she failed to contact ABLAC or the plan administrator about the Notice after allegedly not receiving such Notice.

15. Plaintiff's claims are barred by the doctrine of laches because Plaintiff has unreasonably delayed the filing of her original complaint by waiting over two-and-a-half years before doing so.

16. Plaintiff's claims are barred because ABLAC's COBRA Notice is drafted to be understandable to the average participant and thus, complies with the COBRA notice requirements.

17. Plaintiff's claims are barred because ABLAC's COBRA Notice appropriately modified and supplemented the Department of Labor's Model COBRA Election Notice, thus satisfying the notice content requirements.

18. Plaintiff's claims are barred because any informational injury that Plaintiff alleges does not establish an injury-in-fact that is traceable to ABLAC or Assurant, Inc.

19. Plaintiff's claims are barred because any purported technical deficiencies in the COBRA Notice at issue did not prevent Plaintiff from making a meaningful choice to elect or decline continuation coverage as a matter of law.

20. Neither Plaintiff nor anyone else suffered a loss as a result of the actions or inactions of ABLAC.

21. Plaintiff's claims are barred, in whole or in part, by her failure to mitigate damages.

22. ABLAC is entitled to its attorneys' fees and costs for defending Plaintiff's claims because Plaintiff's claims have no basis in fact and are frivolous.

ABLAC reserves the right to plead any additional defenses or affirmative defenses that may be revealed during the course of the litigation.

WHEREFORE, Defendant denies that Plaintiff is entitled to any relief in this cause, and respectfully requests that the Court enter judgment for American Bankers Life Assurance Company of Florida, as well as award the Defendant its attorneys' fees and costs, to the extent permitted by law.

Dated:  December 29, 2022

Respectfully submitted,

/s/  *Irma Reboso Solares*
Irma Reboso Solares (FL Bar No. 797073)
isolares@carltonfields.com
Sean W. Hughes (FL Bar No. 1038714)
shughes@carltonfields.com
CARLTON FIELDS, P.A.
2 MiamiCentral, Suite 1200
700 NW 1st Avenue
Miami, Florida 33136
Telephone:  305 530-0050
Facsimile:  305 530-0055

*Attorneys for Defendant American Bankers Life Assurance Company of Florida*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of December, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will generate a Notice of Electronic Filing to all parties in the case who are registered users of the CM/ECF system.

/s/  *Irma Reboso Solares*

131570668