UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

TRACELEY BOOTLE,    CASE No.: 1:22-cv-23584-DPG

    Plaintiff,

v.

AMERICAN BANKERS LIFE
ASSURANCE COMPANY OF
FLORIDA,

    Defendant.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT[1]**

    The Plaintiff, TRACELEY BOOTLE, (hereinafter "Plaintiff" or "Mrs. Bootle"), by and through the undersigned counsel, and pursuant to Rule 12, Federal Rules of Civil Procedure, Responds to Defendant, AMERICAN BANKERS LIFE ASSURANCE COMPANY OF FLORIDA'S, (hereinafter "Defendant" or "ABLAC"), Motion to Dismiss (the "Motion"). Plaintiff states the following in support thereof:

### I.   INTRODUCTION

    Mrs. Bootle filed her six (6) count Complaint on or about July 26, 2022, alleging; (1) Age Discrimination under the Florida Civil Rights Act of 1992, §760.01, *et. seq.*, Fla. Stat.; (2) Failure to Pay Wages under the Fair Labor Standards Act of 1938, 29 USC § 203, *et seq.*, (3) Violation of 29 U.S.C. § 1166(a) and 29 C.F.R. §2590.606-4; (4) Violation of 29 C.F.R. §2590.606-4(b)(4)(xii) – Failure to provide the address where payments should be sent; (5) Violation of 29 C.F.R. §2590.606-4(b)(4)(vi) – Failure to include explanatory information; and

---

[1] Defendant moves to dismiss only Counts No. III – VI of Plaintiff's Amended Complaint and filed its Answer and Affirmative Defenses as to Counts No. I – II of the Plaintiff's Complaint contemporaneously with its initial Motion to Dismiss. Therefore, Counts No. I – II of the Plaintiff's Complaint survive Defendant's Motion to Dismiss.

1

(6) (Violation of 29 C.F.R. §2590.606-4(b)(4) –Failure to provide COBRA notice written in a manner calculated "to be understood by the average plan participant."

Defendant moves to dismiss Plaintiff's COBRA claims as raised in Counts No. III – VI of the Plaintiff's Amended Complaint, but for the reasons outlined in greater detail below, the Defendant's argument fails as a matter of law and fact.

Defendant initiates its Motion to Dismiss with a section inappropriately titled "BACKGROUND AND RELEVANT FACTS." (See D.E. No. 30; Def.'s Mot. Dismiss, p. 3). Here Defendant inappropriately inserts its own set of facts, in an attempt to obfuscate the Plaintiff's factual allegations as raised in the Amended Complaint. (*See Id.* at p. 3) (" . . . Plaintiff is wrong on both fronts. She in fact received a COBRA notice that complied fully with COBRA. On February 12, 2020, just 6 days after the termination of Plaintiff's employment on February 6, 2020, a COBRA notice was sent to Bootle at her address of record (the "2020 COBRA Notice") informing her of her ability to continue health insurance coverage."). The Defendant proceeds to attach as an exhibit the alleged "2020 COBRA NOTICE." (D.E. No. 30-2; Def.'s Mot. Dismiss, Ex. 1). This document, however, is not an authentic or original Notice, and is certainly not a document that was mailed to the Plaintiff on or about February 12, 2020, because the document was created on December 29, 2022, at approximately 1:20 p.m. (and only a few hours prior to its filing with the Court). (*See Below* Exhibit A; D.E. 30-2; *Properties*).

**Exhibit A**



Plaintiff further presents affidavit declaring that she at no point received this 2020 COBRA Notice presented by Defendant as Exhibit No. 2 of its Motion to Dismiss, and to the extent Plaintiff received any correspondence she does not recollect any such language. (See Ex. C; Pl.'s Aff.). Defendant, then proceeds in reiterating what its alleged Notice reads, and emphatically directs the Court's attention to the section of the Notice containing contact information of the alleged benefits administrator, WageWorks, Inc. (See D.E. No. 30, p. 4).

Here, the Defendant is barred from attaching its Notices and they should not be considered by this Honorable Court. Defendant claims that this Honorable Court "may consider the attached COBRA notices under the incorporation by reference doctrine . . . without converting the motion into one for summary judgment . . . ." (D.E. No. 30, p. 4; F.N. 4). These notices, however, may not be considered by this Court because they are not "(1) central to Plaintiff's claim;" nor "(2) undisputed." *See Id. quoting Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). Defendant claims without prior conferral with Counsel for Plaintiff that the Notices are undisputed, which of course is a misrepresentation on this Court as the Plaintiff disputes the validity of any such Notice and its authenticity. As explained above, the Notices presented by Defendant are neither authentic, nor valid as they are not those which were mailed to the Plaintiff by Defendant.

As correctly stated by Defendant, on or about March 11, 2021, Congress enacted the American Rescue Plan Act of 2021 ("ARPA"). Defendant attaches its alleged Notice as Exhibit No. 3 to its Motion. (D.E. No. 30-3). Plaintiff disputes the validity, admissibility, and authenticity of the document and provides that it was produced on December 29, 2022, at approximately 1:21 p.m. (almost three years after Defendant would have mailed any such document to Plaintiff).

**Exhibit B**

| | |
|---|---|
| File name: | Dist.S.D.Fla._1-22-cv-23584_30_3.pdf |
| File size: | 238 KB (244,187 bytes) |
| Title: | Ex 3 - 2021 COBRA-ARPA Notice.pdf |
| Author: | User |
| Subject: | - |
| Keywords: | - |
| Creation Date: | 12/29/2022, 1:21:31 PM |
| Modification Date: | 12/29/2022, 3:00:09 PM |
| Creator: | Compart Docponent API (201510-STABLE) |
| PDF Producer: | Acrobat Distiller 15.0 (Windows); modified using iText® 7.1.6 ©2000-2019 iText Group NV (Administrative Office of the United States Courts; licensed version) |
| PDF Version: | 1.5 |
| Page Count: | 13 |
| Page Size: | 215.9 × 279.4 mm (Letter, portrait) |
| Fast Web View: | No |

(D.E. 30-3; *Properties*).

As a result of Defendant's failure to provide any original or authentic documents Plaintiff respectfully requests that any such alleged notices are stricken, including Defendant's Exhibit No. 2 – 3 of Defendant's Motion. Defendant further claims that the Plaintiff has conflicting allegations within her Complaint, however, Plaintiff's complaint is very clear. (See Def.'s Mot Dismiss p. 6). As further explained in Plaintiff's Declaration, ("Exhibit C"), the Plaintiff did not receive any COBRA Notices or a document that could be considered as such from Defendant or any other entity. The Plaintiff further alleges Counts for Deficient Notice and explains that any document which she would have received would not have contained the language required by prescribed by the Secretary of Labor, as Plaintiff would have availed herself of any such Notice and COBRA benefits.

## II. ARGUMENT AND INCORPORATED MEMORANDUM OF LAW

### A. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading

need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679. Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *See Twombly*, 550 U.S. at 557. "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element," *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (citation omitted), "[a]nd, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (citation omitted).

**B. Defendant's Motion to Dismiss Should be Denied as to Count No. III - VI because the Plaintiff asserts and holds statutory standing under COBRA and ERISA.**

Here, Defendant claims that Mrs. Bootle has fallen out statutory standing as a result of her failure to initiate the claim for COBRA benefits within eighteen months of the qualifying event (Plaintiff's termination). As a preliminary matter, Defendant raises the issue of standing with mixed questions of law and fact, which Plaintiff must be allowed to conduct discovery for.

5

Defendant's argument is premature and should be brought in a separate procedural vehicle. Assuming, *arguendo*, that this Honorable Court finds Defendant's argument is timely raised, the Defendant's argument that Plaintiff lacks statutory standing still fails because it is an erroneous analysis of statutory standing under 29 U.S.C. § 1002(7). Under ERISA, a plan administrator's alleged failure to provide documents is actionable under § 1132(c) only when: "(1) the request is made by a plan participant or beneficiary and (2) the lawsuit demanding penalties is filed by a plan participant or beneficiary. A "participant" is "any employee or former employee . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7). A former employee may be considered an ERISA participant. *See LaRue v. DeWolf, Boberg & Assocs., Inc.*, 552 U.S. 248, 256 n.6 (2008).

Here it is evident that Plaintiff is a plan "participant" and has appropriately pleaded as such. (See D.E. No. 26; Pl.'s Amd. Compl., p. 7, ¶ 40 – 41) ("At all times material Plaintiff was a plan participant and eligible to receive benefits under Defendant's group policy coverage, and eligible for continuing coverage under the applicable statutes.") and ("Plaintiff may once again become eligible for such continuing coverage benefits"). Specifically, at all relevant times Plaintiff was either an employee of the Defendant or a former employee, which was eligible for reemployment by the same. As the Defendant appropriately states; "Eligibility is determined at the time that the lawsuit is filed." *Morrison v. Marsh & McLennan Cos.*, 439 F.3d 295, 304 (6th Cir. 2006). At the time of the filing of Plaintiff's Complaint, Plaintiff is a participant using both an *ex ante* and an *ex post* approach to interpretation.[2]

Plaintiff meets the criteria set under the statutory language as she is a former employee of ABLAC, that may reasonably be reinstated to her previous position as a result of remedies

---

[2] Prior to the filing of Plaintiff's Complaint the Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, (Charge No.: 510-2020-02011) which allows for remedies upon and if settlement is reached, remedies that often include reinstatement. Prior to, and proceeding from, the date of filing of the Plaintiff's Complaint the Plaintiff was eligible to reinstatement/reemployment.

provided or terms of an agreement with the Defendant resulting from this Civil Action. (See D.E. No. 26; Pl.'s Amd. Compl., p. 7, ¶ 42) ("Plaintiff has a colorable claim, that (1) she will prevail in this suit for benefits and (2) eligibility requirements will be fulfilled in the future, if not fulfilled at this time, as Plaintiff seeks reinstatement to her previous position with all previously afforded benefits herein."). Further, nothing prevents Plaintiff from reapplying and a rehiring with Defendant, as the Plaintiff at not point in time was marked as no-rehire by Defendant.

"The structure of COBRA is designed for there to be a temporary gap even when a timely COBRA election is made, and then the gap is closed retroactively once the election is made and the COBRA premiums are paid." *Jamie Bryant, et al, v. Wal-Mart Stores, Inc., et al.*, Case 1:16-cv-24818-JEM, D.E. No. 184, p. 8 (S.D. Fla. 2020) (Internal quotations omitted). Therefore, any gap in such coverage is by design, and by no fault of Plaintiff; the gap would be closed retroactively. A Defendant remains responsible under the law for any and all deficient notifications, regardless of whether it relied on third-party vendors or its own staff to issue the notifications. *Scott v. Suncoast Beverage Sales, Inc.*, 295 F.3d 1223, 1230-31 (11th Cir. 2002). Defendant is responsible for Plaintiff's claims regardless of any third-party action. Plaintiff further states that she is a plan participant, as an employee or former employee, at all times material; "At all times material Plaintiff is a "participant" under 29 U.S.C. § 1002(7), because she was an "employee or former employee of [Defendant]. . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees. (See D.E. No. 26; Pl.'s Amd. Compl., p. 12, ¶ 73).

Defendant then proceeds to claim that Plaintiff has no reasonable expectation of reinstatement, yet this inquiry itself is a question of fact, as Plaintiff may have a reasonable expectation for reinstatement absent contract, or covenant to the contrary. Defendant fails to declare it has determined the Plaintiff ineligible for reinstatement. A factual inquiry on a plaintiff's

reasonable expectation of reinstatement is to be determined on a case-by-case basis; Defendant's precedence in *Shawley* and *Eide* are therefore inapposite.

Defendant raises on various instances that Plaintiff lacks standing as the result of her falling outside the "eighteen month" statutory eligibility period. This same argument, however, has been rejected by the Fifth Circuit as recently as 2018. *See David Hager v. DBG Partners, Incorporated,* No. 17-11147, D.E. No. 00514631609, (5th Cir. September 6, 2018) (Overturning the lower court's order of dismissal of plaintiff's Complaint and finding Plaintiff had standing to sue under ERISA even though the Plaintiff fell outside of the eighteen-month eligibility period at the time of the filing of the Complaint)[3]. In finding for Plaintiff in *Hager*, the Fifth Circuit cited to *Bixler v. Cent. Pa. Teamsters Health & Welfare Fund,* for the proposition that a plaintiff who did not obtain COBRA coverage because of employer's alleged misconduct could bring an action under § 1132(a)(3). *See Id*. at p. 6, n. 22; citing to *Bixler v. Cent. Pa. Teamsters Health & Welfare Fund*, 12 F.3d 1292, 1296–300 (3d Cir. 1993). As is the case here, the Plaintiff has been denied her right to coverage because of the misconduct of the employer and therefore, her Employer/Defendant is estopped from raising this defense. Plaintiff respectfully requests that this Honorable Court Deny the Defendant's Motion to Dismiss Plaintiff's Amended Complaint.

**C. Defendant's Motion to Dismiss should be Denied as to Counts No. III - VI because the Plaintiff meets the standing requirements of Article III.**

A Plaintiff "must satisfy three requirements to have standing under Article III of the Constitution: (1) 'injury-in-fact'; (2) 'a causal connection between the asserted injury-in-fact and the challenged action of the defendant', and (3) 'that the injury will be redressed by a favorable decision." *Houston v. Marod Supermarkets, Inc*, 733 F.3d 1323, 1328 (11th Cir. 2013) (citing *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001)). "These requirements are the irreducible

---

[3] Plaintiff attaches *Hager v. DBG*, as Exhibit "D".

8

minimum required by the Constitution for a plaintiff to proceed in federal court." *Id.* (citing *Shotz*, 256 F.3d at 1081). (internal quotation omitted). "The Plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547, 194 L.ED.2d 635 (2016). The Supreme Court has deemed the injury-in-fact requirement the "[f]irst and foremost of standing's three elements." *Spokeo*, 136 S.Ct. at 1547 (internal citations and quotations omitted).

In Order to establish injury-in-fact, "a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 1548 (internal citations omitted). "For an injury to be particularized, it must affect the plaintiff in a personal and individual way." *Id.* (internal citations and quotations omitted). In addition to alleging that his or her injury is particularized, a Plaintiff must also also allege a "*de facto*," concrete injury, which "must actually exist." *Id.* (Internal citations omitted). Following *Spokeo*, the Eleventh Circuit has defined the injury-in-fact requirement to be "an invasion" of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Salvors, Inc. v. Unidentified Wrecked & Abandoned Vessel*, 861 F. 3d 1278, 1290 (11TH Cir. 2017) (Citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d.351 (1992)).

Here, the Plaintiff appropriately pleads an "informational injury," (Defendant's failure to mail notice and deficient notice), and an "economic injury" (lapse in insurance coverage). (*See* D.E. 26; Pl.'s Amd. Compl., p. 13, ¶. 81) ("The deficient COBRA notices at issue in this lawsuit both confused and misled Plaintiff. It also caused Plaintiff economic injuries in the form of lost health insurance and unpaid medical bills, as well as informational injuries."); *see also* Ex. C.

Plaintiff also pleads a causal connection between the Defendant's failure to Notice and Plaintiff's harm suffered. D.E. 26; Pl.'s Amd. Compl., p. 13, ¶. 74) ("Plaintiff suffered damages

and incurred debts and expenses, and other out of pocket expenses as a result of the Defendant's failure to provide adequate and timely notice."). Plaintiff respectfully requests that this Honorable Court Deny the Defendant's Motion to Dismiss as to Count No. III – VI of the Plaintiff's Amended Complaint. To the extent Plaintiff may have received any Notice, it would not resemble language prescribed by the secretary of labor as the Plaintiff does not recollect receiving any such Notice that would contain the pertinent language. Defendant claims that Plaintiff "may not allege that (1) she never received the 2020 COBRA Notice and (2) that she was injured from the deficiencies contained within the 2020 COBRA Notice (that she never received)," yet Plaintiff is free to plead such claims in the alternative. Plaintiff further establishes the full notice deficiencies leading to the particularized injury she suffered within her declaration. (See Ex. C.)

**D. Defendant's Motion to Dismiss should be Denied as to Counts IV – VI because the Defendant's argument relies on Defendant's alleged COBRA Notices that are in dispute and which Plaintiff never received.**

Defendant raises argument in pages 15 – 20 of its Motion, solely grounded on the COBRA Notices it attaches as exhibits to its Motion. As previously stated, this Notice is disputed, and Defendant fails on any argument stemming from the same. Plaintiff opposes any such language presented by Defendant in its attached Notices as Plaintiff disputes the authenticity and validity of the same and therefore respectfully requests that this Honorable Court Deny Defendant's Motion as to Subsections III(A) – III(D) of the Defendant's Motion.

## CONCLUSION

The Plaintiff, TRACELEY BOOTLE, respectfully requests that this Court enter an order Denying the Defendant's Motion to Dismiss the Plaintiff's Amended Complaint as to Counts III - VI, and provide any other remedy this Court deems just and proper.

Dated: January 12, 2023                    Respectfully submitted,

                                                                     */s/     Jorge Costa*
Anthony M. Georges-Pierre, Esq.
Florida Bar No.: 0533637
Jorge L. Costa, Esq.
Florida Bar No.: 1031513
**REMER, GEORGES-PIERRE & HOOGERWOERD, PLLC**
2745 Ponce de Leon Boulevard
Coral Gables, FL 33134
(305) 416-5000- Telephone
(305) 416-5005- Facsimile
Email: agp@rgpattorneys.com
            Jcosta@rgpattorneys.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 12, 2023, I electronically filed the foregoing document with the CM/ECF E-Filing Portal. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via electronic transmission of Notices generated by the CM/ECF E-Filing Portal or in some other authorized manner for those counsel or parties who are not authorized to receive such Notices.

Irma Reboso Solares
Florida Bar No. 797073
isolares@carltonfields.com
CARLTON FIELDS, P.A.
700 NW 1st Avenue, Suite 1200
Miami, Florida 33136
Telephone: (305) 530-0050
Facsimile: (305) 530-0055
*Attorney for Defendant American Bankers Life Assurance Company of Florida*

                                                     /s/    Jorge Costa
                                               Anthony M. Georges-Pierre, Esq.
                                               Florida Bar No.: 0533637
                                               Jorge L. Costa, Esq.
                                               Florida Bar No.: 1031513